**Xia Di ZHOU, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–72170.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 13, 2005.

Decided June 24, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Yee Ling Poon, Deborah Niedermeyer, Esq., Attorney at Law, New York, NY, for Petitioner.

Regional Counsel, Western Region, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Deborah Niedermeyer, Esq., Attorney at Law, New York, NY, for Respondent.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

## MEMORANDUM **

Xia Di Zhou, a native and citizen of the People's Republic of China, petitions for review of an order of the BIA affirming an IJ's removal order and denial of her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Zhou asserts that she has established past persecution and a well-founded fear of future persecution due to her opposition to China's population control program, including quarterly gynecological inspections required of all women of childbearing age in her province.

We uphold the BIA's decision that Zhou did not establish past persecution, as this Court has refused to extend "automatic asylum eligibility to the children of forcibly sterilized parents." *See Zhang v. Gonzales,* 408 F.3d 1239, 1244 (9th Cir.2005).

Zhou's fear of forced gynecological examinations and possible IUD insertion, however, may create a well-founded fear of future persecution. *See Li v. Ashcroft,* 356 F.3d 1153, 1158 (9th Cir.2004); *Chen v. Ashcroft,* 362 F.3d 611, 616 (9th Cir.2004). Accordingly, we remand to the BIA for reconsideration of Zhou's petition in light of this Court's intervening decisions in *Li* and *Chen. See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION GRANTED AND REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.