**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XIA DI ZHOU,

                Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 09-70630

Agency No. A079-760-721

MEMORANDUM AND ORDER [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2013
San Francisco, California

Submission Vacated October 16, 2013
Resubmitted  March 3, 2014

Before: N.R. SMITH and NGUYEN, Circuit Judges, and QUIST, Senior District Judge.[**]

    Xia Di Zhou, a native and citizen of the People's Republic of China,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

which affirmed an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. We previously remanded this matter for the BIA to reconsider whether "Zhou's fear of forced gynecological examinations and possible IUD insertion . . . create a well-founded fear of future persecution" in light of *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc), and *Chen v. Ashcroft*, 362 F.3d 611, 616 (9th Cir. 2004). *Xia Di Zhou v. Gonzales*, 137 Fed. Appx. 51, 52 (9th Cir. 2005). The IJ and the BIA did not exceed the scope of the remand order by asking Zhou to submit updated evidence regarding current family planning practices and policies in China, particularly as they relate to Zhou's village, and concerning possible internal relocation. Such evidence, if any, would have related directly to the issue on remand—whether Zhou's fear of future persecution was *objectively* reasonable. *See Wakkary v. Holder*, 558 F.3d 1049, 1052 (9th Cir. 2009) (stating that in order for a fear to be "well-founded," it must be "subjectively genuine" and "objectively reasonable"). Therefore, because the BIA did not revisit its prior positive credibility finding, it neither violated the doctrine of the law of the case nor the rule of the mandate. *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (defining the two doctrines).

2

2. Substantial evidence supports the BIA's determination that Zhou failed to establish an objectively reasonable fear of future persecution. Zhou failed to present any evidence that the local government in her village continues to enforce the practice of forcing women to submit to gynecological examination. Further, the BIA properly found that Zhou's circumstances are distinguishable from those in *Li v. Ashcroft*, 356 F.3d 1153, and *Chen v. Ashcroft*, 362 F.3d 611.

3. Respondent's motion to strike Addendums 1 through 5 of Zhou's reply brief and any related arguments based on these documents is DENIED.

**PETITION DENIED.**